In the Matter of AMERICAN SEMINARY OF THE BIBLE, INC., et al., Respondents, against BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Appellants, and FLORENCE BOCK, Intervener, Appellant.— Respondents.

members of the board of standards and appeals, and the intervener property owner, appeal from an order which (1) denied their motion to vacate an order of certiorari, to dismiss the petition, and to affirm the determination of the board and (2) annulled said determination and denied the application of the intervener-respondent for a variance of use district regulations pursuant to subdivision (f) of section 7 of the New York City Zoning Resolution, to permit a gasoline station in a business use district. The intervener's original application for a variance was made in 1947 and was denied by the board on the grounds that the proposed use was contrary to section 7-A and clause (46) of subdivision (a) of section 4 of article II of the Zoning Resolution. The application was reopened in 1950, a new application for a building permit, made upon altered plans eliminating the objection under section 7-A, having been denied by the borough superintendent of housing and buildings, solely on the ground of conflict with clause (46) of subdivision (a) of section 4. Order modified on the law and the facts by striking out the ordering provisions and by substituting in lieu thereof the following: "Ordered, that the determination of the Board of Standards and Appeals is annulled and the matter remitted to said Board for reconsideration and the making of a new determination in proper form, with leave to the parties to submit such other and further proofs before the Board as they may be advised." As so modified the order is unanimously affirmed, without costs. In our opinion, the change in plans to provide for construction of a brick wall along most of the frontage on East 35th Street was a change in circumstances sufficiently material to justify the board's determination to reopen the application. Whether there has been such a change is primarily for the board to determine, and it may give weight to slight differences which are not easily discernible. (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126; *Ellsworth Realty Co.* v. *Kramer,* 268 App. Div. 824.) Upon the record presented, however, we are not satisfied that the members of the board properly exercised their discretion in granting the variance, since the reasons referred to in their return and the facts referred to in their determining resolution are referred to as " reasons urged by the applicant " and as what " the applicant contends " and not as findings of the board, and are, in addition, largely conclusory in form. (Cf. *Matter of Aisloff* v. *Board of Standards & Appeals,* 276 App. Div. 907; *Matter of Thomas* v. *Board of Standards & Appeals,* 290 N. Y. 109, 114–115; Administrative Code of City of New York, § 668e–1.0, subd. c.) Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ.