TAYLOR, Associate Judge.
The appellants, hereinafter called defendants, were charged in the Circuit-Court of Jackson County with the crime-of grand larceny, tried in July, 1961, and! found guilty.
During this trial the defendants were-without counsel, but at the close of the evidence one of them stated to the Court “Your Honor, we have reason to believe that everybody has lied in this case. I' don’t see why it would have to go to the jury, these people have lied, everyone of' them.”
The presiding judge construed this statement as a motion for directed verdict and-denied it.
Thereafter the defendants secured counsel and made a motion for a new trial which.! was granted “upon the ground that there-was insufficient proof of venue in the record.”
When the case was again called for trial" the defendants filed a motion to quash the-information on the theory that another trial would subject them to double jeopardy in-violation of their rights under Section 12’ of the Bill of Rights in the Constitution of Florida, F.S.A. This motion was denied,, and defendants applied to this Court for a writ of prohibition to prevent a second' trial of their case. This Court entertained their petition, issued the preliminary-writ, and posed and decided this question::
“Does the suggestion for writ of prohibition demonstrate that the petitioners are subject to double jeopardy?”' *23 We answered that question as follows:
'‘The only jeopardy that petitioners ■can he subjected to is another trial, which they requested. A new trial having been granted on motion of petitioners with the verdict and conviction set aside and the State having not appealed, we, therefore, hold that the petitioners cannot by their own act avail themselves of the jeopardy which they sought and then assert it as a bar to subsequent prosecution for the same offense.” [1]
Defendants were tried again and again found guilty.
On this appeal they first argue that they were improperly subjected to double jeopardy by the second trial. The decision of this question quoted above has become final and is binding alike upon this Court and the defendants.
The only other point argued is that the trial court erred in receiving in evidence the fruit of a search of the persons of the defendants which took place under the following circumstances:
A Mr. Mooney of Ft. Gaines, Georgia, reported to Sheriff L. A. Hamilton of Clay County, Georgia, that he had purchased some tires from two strangers for a price far less than their actual value, and that upon reflection he had become suspicious that the tires had been stolen. Sheriff Hamilton ■and Mr. Mooney crossed the State line into Alabama and there located the de- ! fendants. Mr. Mooney identified the ■defendants as the men from whom he had purchased the tires, and the defendants denied that they had sold any tires to Mr. Mooney. Sheriff Hamilton then' “arrested” the defendants, and all started toward the Georgia line. One of the defendants questioned the authority of the sheriff to carry him out of Alabama into Georgia. Sheriff Hamilton and Mr. Mooney then took the defendants to the sheriff’s office at Abbeville, Alabama, where at the request of Sheriff Hamilton they were searched in his presence by a deputy sheriff of Henry County, Alabama, with the result that sums of money approximating the amount Mr. Mooney stated he had paid for the tires was found on the person of one of the defendants.
It is evident that Sheriff Hamilton had no official standing in Alabama, and his “arrest” of the defendants, if valid, must be sustained as a citizen’s arrest. There was insufficient evidence to support such an arrest, and it must be held to have' been illegal.
The State argues, however, that the constitutional prohibition against unreasonable search and seizure is a restriction upon government and not upon the actions of private citizens, and that an illegal search made by a private citizen is not a violation of either the state or federal Constitution, and that, consequently, there is no implied prohibition in either Constitution against the receipt in evidence of the fruit of such a search. It is not necessary to determine this question for the reason that we agree with the statement of the trial judge as follows:
“The Alabama authorities made the search in his presence, that’s what the Georgia sheriff testified.”
From an examination of all the record, it seems clear that the defendants questioned the authority of the Georgia sheriff in Alabama, and the sheriff himself felt the need of support from the Alabama au^ thorities and carried the defendants to an Alabama officer. This Alabama officer actually made the search.[2] The conclusion *24 seems inescapable that in submitting to the search, the defendants yielded to the apparent authority of the Alabama officer who was acting under color of his official position as a deputy sheriff.
There was a time when a search by any person other than an officer of the prosecuting government was considered beyond the scope of constitutional prohibitions against unreasonable searches and seizures,[3] and the evidence obtained by such searches was freely accepted by the courts. But in recent years it has come to light that our judicial forefathers were wrong in this concept and that the same Constitution now forbids this practice.[4] There was also a time when the states of the Union possessed the capacity to determine their rules of evidence in criminal cases when searches and seizures were involved.[5] But, again, more modern perception has discovered in the language of the founding fathers meanings hidden for nearly a century, and it has even more recently been ascertained that the Federal Constitution requires that state courts be bound by federal decisions on the admissibility of such evidence.[6]
While it has been said on good authority that “all constitutional questions are always open”, and that what is done one day in one case “does not foreclose the matter”,[7] a decent respect for orderly government impels us in this case to follow the latest pronouncement of the Supreme Court of the United States. We must, therefore, hold that the trial court erred in receiving in evidence the testimony of Sheriff Hamilton with regard to the results of the search of the defendants under the circumstances outlined above.
The judgment is reversed, and the case is remanded for new trial of the defendants.
STURGIS, C. J., and WIGGINTON, J., concur.

. State ex rel. Hicks and Waldroff v. McCrary, Fla.App., 141 So.2d 323.

. Of course, the Alabama deputy had neither warrant nor probable cause to believe the defendants guilty of crime so as to justify an arrest or search by him.

. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C1177.

. Elkins v. United States, 364 U.S. 206, Appx., pp. 24-232, 8.0 S.Ct. 1437, pp. 1448-1453, 4 L.Ed.2d 1669, 1681-1687.

. Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782.

. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

. Concurring opinion of Mr. Justice Douglas in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.