PEARSON, Judge.
Dade County appeals a final judgment of the circuit court which granted certiorari and, in effect, directed the County Commission to rezone a corner lot to permit the operation of a gasoline service station. We hold that the circuit court erred and reverse the judgment with directions to discharge the writ of certiorari.
The appellee, who was the petitioner in the circuit court, is the owner of a tract of land consisting of 30 acres at the intersection of Sunset Drive and Galloway Road in Dade County. The portion of this property which is the subject of this litigation is located at the southeast corner of the intersection. The present BU-1 zoning for the entire tract was established in 1961 pursuant to an application by Dr. Mitchell, the husband of the petitioner. In 1962, after the death of her husband, Mrs. Mitchell attempted to secure the same zoning change now granted by the circuit court— from BU-1 (neighborhood business) to BU-1 A (limited business). This change was denied by the Board of County Commissioners. The new application for the change was made on September 23, 1964.
Both the Director of the Building and Zoning Department and the Director of the Planning Department recommended against the change. The Zoning Appeals Board likewise recommended that the request for BU-1A zoning be denied. The County Commission received testimony and exhibits and denied the application for zoning change.
Appellee’s petition for writ of certiorari was based upon the following allegations of fact:
“That the petitioner would respectfully show that she is the owner of thirty (30) acres of land, situate on the southeast corner of S.W. 87th Avenue (Galloway Road (and Sunset Drive; that the petitioner’s application included an area of this acreage, 235 feet by 650 feet, but the application was narrowed at final hearing to an area only 195 feet by 200 feet on the corner, exclusive of the right-of-way, and that because of her vast acreage to the south and to the east of this corner no one could possibly be hurt by this rezoning;
“That on the other three corners of the intersection of petitioner’s property the zoning is all more liberal than the zoned property of the petitioner and said zoning is either BU-1A or BU-2, and there can be no detrimental affect in this area if the petitioner’s property is zoned BU-1A, insofar as her small tract is concerned; that across the street from the petitioner’s property is either filling station or business uses more liberal than the petitioner’s property.”
The trial judge reached the following conclusions :
“1. That all four corners of the intersection of Sunset Road and Galloway Road are similar situate and that there should be no discrimination as far as use is concerned on each of the corners.
*361 “2. That there can be no impact which would be detrimental to any property in the area by a BU-1A zoning being placed on the petitioner’s property, at the corner, as the petitioner’s property is a rectangular piece of property of 750 feet by 1300 feet, and the zoning on the corner is matched up with similar or greater zoning across the street on each of the three corners.
“3. That since all the property surrounding petitioner’s property is presently zoned BU-1A or BU-2, and there is no showing of inconsistency on the part of the petitioner, the fairly debatable principle is not applicable in this case.
“4. The inclusion of the six month limitation in Section 33-304 of the Metropolitan Dade County zoning ordinance would seem to preclude the defense of res judicata in this case.
“5. While the initial application embraced an area 235 feet by 650 feet, the application was amended by eliminating therefrom all property except an area 195 feet by 200 feet at the Southeast corner of S.W. 87th Avenue and Sunset Drive, Dade County, Florida, so this Judgment is operative upon and limited to the following described property:
N. 250' of W. 235' of Section 34, Township 54S, Range 40E, being a net 190 feet on Sunset Drive (S.W. 72nd Street) and 200 feet along S.W. 87th Avenue (Galloway Road), exclusive of zoning right-of-way, in Dade County, Florida.
“6. That the citations of the parties were fully considered and even though the opinion in the case of Lawley v. Town of Golfview, 174 So.2d 767, places the burden upon the zoning authority to prove the necessity of the zoning, the record in this case shows from the testimony, the evidence, the physical facts and the zoning maps that the present BU-1 zoning as to the property above described, is arbitrary, unreasonable and discriminatory and has no relationship to public health, safety, morals and welfare, and exceeds the boundary of necessity.
“7. That the Court finds that Resolution No. Z-l-65 and the BU-1 zoning on said property is invalid, void, arbitrary, confiscatory and unconstitutional, and has no relationship to public health, safety, morals and welfare. * * * ”
It seems certain that the basic premise upon which the circuit judge proceeded in order to reach his determination that the present BU-1 zoning of petitioner’s plot is void and unconstitutional was that if three corners of an intersection have a liberal zoning classification, then it is unreasonable to deny the liberal zoning to the fourth corner.
Except for the property at the intersection, the property in question is located in a predominantly residential area. The plots at the intersection were considered to be controlled by the conclusion that “there should be no discrimination as far as use is concerned on each of the corners.” The intersection has two service stations (BU-1A) and one corner is zoned for special business (BU-2). Appellee’s corner is presently zoned for neighborhood business (BU-1). The. circuit judge determined that, as a matter of law, appellee is entitled to have her lot rezoned BU-1A. Reduced to general terms this means that every intersection with two service stations must be rezoned to allow four. We think such a rule is unwarranted. See City of Punta Gorda v. Morningstar, Fla.App.1959, 110 So.2d 449.
We hold that the trial judge erroneously concluded that the fairly debatable rule[1] was not applicable, and reverse the judg *362 ment upon authority of Dade County v. Epstein, Fla.App.1965, 181 So.2d 556 (see also City of Miami Beach v. Wiesen, Fla.1956, 86 So.2d 442), with directions to discharge the writ of certiorari.
Reversed.
HENDRY, C. J., dissents.

. The origin of the fairly debatable rule is discussed in City of Miami Beach v. Lachman, Fla.1953, 71 So.2d 148. See also Board of Com’rs. of State Inst. v. Tallahassee B. & T. Co., Fla.1959, 116 So.2d 762; Town of Surfside v. Abelson, Fla.App.1958, 106 So.2d 108.