296 So.2d 532 (1974)
METROPOLITAN DADE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Appellants,
v.
Trammell S. CROWE, As Trustee, Appellee.
No. 73-788.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Rehearing Denied July 17, 1974.
*533 Fromberg, Fromberg & Roth, Jeffrey Michael Cohen, Miami, Stuart L. Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellants.
George B. Hardie, Jr., South Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellee made application for an amendment to the zoning ordinance of Dade County to liberalize the zoning on a parcel of land from RU-4L which permits apartment houses to BU-1 which permits limited business, intending to use the same for business (hamburger restaurant). The County Zoning Appeals Board recommended approval of the application. The County Commission, after hearing and consideration thereof, denied the application. The applicant sought review of that decision by petition for writ of certiorari filed in the circuit court. The court granted certiorari, quashed the Commission's decision, and directed the County Commission to rezone the parcel as applied for, and to issue a building permit for the proposed business structure. The county appealed.
We find error, and reverse upon the following theory and reasons. The action of a county or of a municipal corporation in amending a zoning ordinance, as in the enactment of a zoning ordinance, is legislative. Schauer v. City of Miami Beach, Fla. 1959, 112 So.2d 838. Where such legislative action is predicated on a matter that is fairly debatable a court should not substitute its judgment for that of the legislative body, by vitiating the legislative action or holding to the contrary on the matter which has been so legislated. This is so well established as not to require citation of numerous decisions so holding.
It was the burden of the respondent in the trial court to show that the matter upon which the County Commission rendered its decision was not fairly debatable. We hold that burden was not met, in that a review of this record impels us to conclude that the matter was fairly debatable. The parcel involved was in the corner of a tract owned by the appellant. The owner had developed other portions thereof for the permitted apartment house use. There was no adequate showing that this parcel was not so usable, or was not otherwise suitable for a use or uses for which zoned.
Moreover, the owner had previously made a similar application to have the zoning of the parcel so liberalized, and the application therefor had been denied. There was no showing of changed circumstances applicable thereto, since the denial of the prior application, sufficient to overcome the administrative res judicata effect thereof. See City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473, 477-478; Metropolitan Dade County v. Rockmatt Corp., Fla.App. 1970, 231 So.2d 41.
On the evidence before the Commission we do not find basis to hold the decision of the County Commission was without adequate factual support, or that it was other than based on a matter that was fairly debatable. We hold no valid reason in law was presented in the trial court to prompt or require that the decision of the County Commission in this matter be quashed. See City of St. Petersburg v. Aiken, Fla. 1968, 217 So.2d 315.
The judgment is reversed.