PER CURIAM.
Petitioner-appellants appeal an order denying their petition for certiorari seeking review of a denial of their application to rezone their property by the County Commission.
Appellants, Mr. and Mrs. Baker, are the owners of property on North Kendall Drive. In 1966 they made an application for business zoning on the subject property. However, they succeeded only in procuring a change of zoning on the southeast corner thereof to RU-SA (semi professional office) to act as a buffer strip from existing business zoning to the east. In 1969 the Bakers again sought to have their property (excluding the southeast corner zoned to RU-SA in 1966) rezoned to RU-4L (limited apartment house). The requested zoning was denied, but the County Commission by resolution rezoned the property to RU-1 (single family residential). Appellants sought review thereof by filing a petition for writ of certiorari in the Circuit Court which denied the writ. Mr. and Mrs. Baker then appealed to this court (Baker v. Metropolitan Dade County, Fla.App.1970, 237 So.2d 201) and we ordered that that portion of appellants’ property fronting on North Kendall Drive upon re-examination should be rezoned more liberal than RU-1. At about the same time, but prior to the County Commission acting on this court’s mandate, the appellants applied to the County Commission to rezone the subject property to RU-TH (townhouses). At the zoning hearing the County Commission in compliance with the mandate of this court rezoned the southern strip of appellants’ property which borders North Kendall Drive from RU-1 to RU-2 and retained the RU-1 zoning of the remainder of the property. Thereupon, appellants filed the instant petition for writ of certiorari in the Circuit Court to review the above rezoning by the County Commission. The petition was denied and this appeal followed.
In Baker v. Metropolitan Dade, County, supra, we held that the RU-1 classification was a reasonable use with the exception of the strip of property fronting on North Kendall Drive and therefore ordered a zoning more liberal than RU-1. In compliance therewith, the County Commission by resolution rezoned the subject strip of property to RU-2. The record supports the reasonableness of the application of the RU-2 zoning classification to this strip of property. Thus, the question presented in this zoning matter being “fairly debatable”, this court will not substitute its judgment for that of the County Commission. See 35 Fla.Jur. Zoning Laws § 30 (1961) and cases cited therein.
As to the remainder of the Bakers’ property being zoned RU-1, this zoning classification has been determined to be reasonable by this court in appellants’ previous appeal and petitioners having failed to demonstrate a substantial change in circumstances since our earlier ruling thereon, the matter is res judicata. See Metropolitan Dade County Board of County Commissioners v. Rockmatt Corporation, Fla.App.1970, 231 So.2d 41 at 44.
Accordingly, the order herein appealed is affirmed.
Affirmed.