340 So.2d 503 (1976)
CENTRAL BANK AND TRUST COMPANY, Trustee, and Walter Sonnenreich, Trustee, Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, Florida, et al., Appellees.
No. 75-1760.
District Court of Appeal of Florida, Third District.
December 7, 1976.
Rehearing Denied January 6, 1977.
Reiseman, Buchbinder & Elegant, Miami, for appellants.
Stuart L. Simon, County Atty. and St. Julien P. Rosemond, Asst. County Atty., for appellees.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellants, petitioners below, appeal a final judgment and an amended final judgment dated October 16, 1975, and October 23, 1975, respectively. In substance, both final judgments denied appellants' petitions for writ of certiorari which sought review of the Dade County Commission's decision to rezone appellant's land. Appellee, respondent *504 below, is the Board of County Commissioners of Dade County, Florida, the administrative body which rezoned appellants' land.
This matter arises out of an application for rezoning made by the directors of the Metropolitan Dade County Building and Zoning Department and Planning Department. The application for rezoning sought a change from an RU-4 (apartments  50 units per acre) classification to an RU-3M (minimum apartment house  12.9 units per acre) classification. The property subject to this application comprises approximately 24 acres bordered along its outermost boundaries by S.W. 57th Avenue (Red Road) to the west, S.W. 54th Avenue to the east, S.W. 74th Street to the north, and S.W. 80th Street to the south. The City of South Miami is located west of the subject property, directly across Red Road, and the City of Coral Gables is located one block north of the subject property across Sunset Drive.
The subject property is entirely developed by apartments having an average density of 17 units per acre. Completely surrounding the property to the north, east and south is RU-1 (single-family) zoning. Directly west of the subject property (Red Road) are professional offices and new buildings of the two story type.
Prior to the hearing of July 10, 1973, before the Board of County Commissioners of Metropolitan Dade County, many residents, individually and through their respective associations, requested the County Manager's office to impose a building moratorium on the area. At that time, the directors of both the Building and Zoning Department and Planning Department had already initiated an application for the rezoning of the subject property. The directors were aware of the fact that several of the property owners had intended to raze some of the existing apartment buildings and construct apartment buildings in accordance with the RU-4 zoning (50 units per acre). Concerned that the density of 50 units per acre would be incompatible with the surrounding single family neighborhood, the directors filed their application with recommendations to the Board of County Commissioners.
The recommendation of the planning director stated that the possible density of 50 units per acre allowed by the RU-4 zoning would be "grossly incompatible with the surrounding developed neighborhood of single family homes." In addition, the zoning director recommended that "the RU-4 zoning which now exists on the subject property is completely out of character with the development and zoning in the area," however, "the recommended RU-3M would be compatible and in character with the entire neighborhood."
At the hearing before the County Commissioners on July 10, 1973, the above recommendations were reiterated. The Commissioners also heard the statements of various residents whose testimony reflected their concern over increased traffic, congestion, sewage disposal, etc., which would arise from new construction under the RU-4 zoning classification. At the same time, opponents of the directors recommendations, the land owners, testified that under RU-3M zoning, it would be economically unfeasible to tear down the old apartments and build new units.
By resolution, the Board of County Commissioners granted the requested district boundary change to RU-3M and rezoned the property accordingly. From this resolution, appellants filed their consolidated petition for a writ of certiorari in the Circuit Court of Dade County. By order dated October 16, 1975, the lower court entered a final judgment against Central Bank and Trust Company, Trustee, as one of the landowners. Subsequent to the entrance of the above order, the lower court entered an amended final judgment on October 23, 1975. The amended final judgment added Walter Sonnenreich, Trustee, the other landowner affected, to the order.
Both orders denied appellants' petitions for writs of certiorari and held that the zoning issue was "fairly debatable" and that appellants had not sustained their burden by showing that the zoning was unreasonable, *505 capricious, arbitrary or improper. Appellants bring this appeal from the entrance of the aforementioned orders denying review by certiorari.
Appellants basically contend that the lower court erred in failing to quash the zoning resolution in that there was no evidence of any changed conditions of the area offered by the directors of the Department of Building and Zoning and Planning. As such, appellants state that the lower court departed from the essential requirements of law in denying their consolidated petition for certiorari.
Appellees argue that appellants failed to carry their burden of demonstrating that the rezoning classification was not "fairly debatable" and thus are not entitled to a reversal of the lower court's decisions refusing to issue a writ of certiorari.
After carefully reviewing the record of the proceedings before the County Commissioners, we must hold that the zoning classification enacted by the commissioners was "fairly debatable", i.e., reasonably subject to disagreement, and as such, should not be interfered with by this court. Metropolitan Dade County v. Crowe, 296 So.2d 532 (Fla.3d DCA 1974).
The testimony before the County Commissioners included recommendations from both the Director of Zoning and Building and Director of Planning, plus testimony of various individual residents of the neighborhood. We believe the above was sufficient to establish the fairly debatable character of the zoning decision. Metropolitan Dade County v. Fletcher, 311 So.2d 738 (Fla.3d DCA 1975).
Appellants' contention concerning a change in character of the community as a prerequisite to a zoning change is not wellfounded based upon the Florida Supreme Court case of Oka v. Cole, 145 So.2d 233 (Fla. 1962). In that case, the court stated that:
"While such change [in the character of an area] is often the predicate for an amendment, we find no authority in our decisions or elsewhere to the effect that it is indispensable ... or that ordinances altering zoning restrictions are to be tested by any standard other than that applicable to zoning classifications generally, i.e. that the restriction imposed shall not be arbitrary but reasonably related to the public health, safety or welfare." Oka v. Cole, supra, at 235.
In Miles v. Dade County Board of County Commissioners, 260 So.2d 553 (Fla.3d DCA 1972), we held that the validity of amendatory zoning legislation must depend upon the facts and circumstances of each case and that needs arising from shifts in population may become a basis for amendatory zoning legislation.
In the case at bar, the testimony presented to the Board of County Commissioners, which in effect, warned of the possible consequences of an increased population under RU-4 zoning, was sufficiently reasonable to warrant the Commissioner's rollback to RU-3 zoning under the "fairly debatable" test.
With the aforementioned in mind, we do not believe that appellants, as the parties attacking the rezoning, met their burden in the lower court to show that the amendatory zoning legislation was either arbitrary or unreasonable, i.e., not fairly debatable. Miles v. Dade County Board of County Commissioners, supra. As such, we believe that the lower court did not depart from the essential requirements of law in denying appellants' petitions for certiorari. Compare Aronovitz v. Metropolitan Dade County, 290 So.2d 536 (Fla.3d DCA 1975).
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the judgments appealed are affirmed.
Affirmed.