349 So.2d 210 (1977)
BURGER KING CORPORATION, a Florida Corporation, Appellant,
v.
METROPOLITAN DADE COUNTY, Etc., et al., Appellees.
Nos. 76-181, 76-102.
District Court of Appeal of Florida, Third District.
August 2, 1977.
Rehearing Denied September 8, 1977.
Turner, Shapiro & Levy, Miami, for appellant.
Stuart Simon, County Atty., and St. Julien P. Rosemond, Asst. County Atty., Fromberg, Fromberg & Roth, and Jeffrey Michael Cohen, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HENDRY, Chief Judge.
Appellant, petitioner below, appeals from an order of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, which denied its petition for writ of certiorari in a zoning matter. Appellee, Metropolitan Dade County, was the respondent below and appellees Diane Lawrence and Irvin Steele were intervenors.
Two issues are presented by this appeal. The first issue presented is whether appellant's request for a variance was barred by *211 either judicial or administrative res judicata. The second issue presented is whether appellant has suffered the requisite "unnecessary hardship" so as to be entitled to a use variance for its property.
The facts are as follows: Appellant requested a district boundary change for a parcel of land it owned at the corner of Southwest 107th Avenue and North Kendall Drive, Miami. The requested change was from an RU-4L classification (limited apartments) to an RU-5A classification (professional offices). Along with the reclassification of the property, appellant sought a use variance to permit the first story of the building to house a restaurant, i.e., a "Burger King."
Pursuant to a hearing held before the County Commission of Dade County, the rezoning of the property was granted, however, the use variance was denied. (There were 248 filed protests against the variance for the reason, among others, that the particular corner property whereon the proposed restaurant was to be built was situated at one of Dade County's most hazardous intersections, thereby making the hamburger emporium an attractive nuisance to the children at a nearby elementary school.)
Appellants thereupon filed its petition for certiorari in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. Said petition was denied on December 17, 1975, on the grounds of res judicata and failure to show any unnecessary hardship peculiar to the land on which to base the granting of a variance.
From this ruling, appellant has filed this appeal.
Initially, we note that the same property in question was the subject of a prior zoning application on December 7, 1972, at which time the Board of County Commissioners of Metropolitan Dade County denied with prejudice a request for a district boundary change in the property to a BU-I classification (neighborhood business). The change was sought by appellant's predecessor in title for the purpose of building a "Burger King" restaurant.
In that prior attempt at reclassification, certiorari was sought in and granted by the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, on May 23, 1973. From that order granting certiorari, we entertained an appeal, reported as Metropolitan Dade County v. Crowe, 296 So.2d 532 (Fla.3d DCA 1974). In that opinion, we reversed the order of the Circuit Court based, in part, on the following reasoning:
"Moreover, the owner had previously made a similar application to have the zoning of the parcel so liberalized, and the application therefor had been denied. There was no showing of changed circumstances applicable thereto, since the denial of the prior application, sufficient to overcome the administrative res judicata effect thereof. See City of Miami Beach v. Prevatt, Fla. 1957, 97 So.2d 473, 477-478; Metropolitan Dade County v. Rockmatt Corp., Fla.App. 1970, 231 So.2d 41."
This current attempt at liberalizing the classification of this particular piece of property marks the third time that the Dade County Commission has heard arguments on whether to permit construction of a "Burger King" and the second time that we have been asked to rule upon the correctness of the Commission's decision. During the time between our prior decision, cited above, and the present, we have not been shown a substantial change of circumstances applicable to the property sufficient to overcome either the effect of administrative or judicial res judicata. Metropolitan Dade County Board of County Comissioners v. Rockmatt Corporation, 231 So.2d 41 (Fla.3d DCA 1970). As such, we hold that either doctrine is applicable as a bar to the relief appellant seeks.[1]
*212 Even assuming that res judicata does not apply, appellant has failed to show the requisite "unnecessary hardship" so as to be entitled to a variance on its property. Elwyn v. City of Miami, 113 So.2d 849 (Fla.3d DCA 1959). The only "hardship" claimed by appellant is one of economic disadvantage, which does not constitute a hardship sufficient to warrant the granting of a variance. Dade County v. Frank N' Bun Operating Co., 169 So.2d 875 (Fla.3d DCA 1964). In addition, appellant purchased the property in question with both full knowledge of the zoning applicable thereto and the County Commission's refusal to reclassify said property as BU-I. As such, any "hardship" appellant has suffered has been self-created, precluding relief. Josephson v. Autrey, 96 So.2d 784 (Fla. 1957); Elwyn v. City of Miami, supra.
Accordingly, for the reasons stated above, the order denying certiorari is hereby affirmed.
Affirmed.
NOTES
[1] Appellant contends that it has shown a "sufficient change in the circumstances" so as to preclude the applicability of res judicata by virtue of the County Commission's reclassification of the parcel of land from RU-4L (limited apartments) to RU-5A (professional offices). This contention is without merit, as the "change in circumstances" accompanying the above reclassification is clearly neither of the variety nor magnitude as will support a change from RU-4L to BU-1 (neighborhood business).