CAMPBELL, Acting Chief Judge.
This petition for writ of certiorari is brought from a decision of the circuit court which quashed a “corridor plan” adopted by the petitioners, Board of County Commissioners of Sarasota County (hereinafter referred to as the “Board”), insofar as it affects the property of the respondents, Michael Karp, Bruce Wertheimer and Edmund Coh-ler.
In 1992, the Board directed its planning department to prepare a study and plan for the University Parkway Corridor, an area extending along University Parkway, a distance of some 5.5 miles from U.S. 301 to Interstate 75 in Sarasota County. Apparently, this localized “corridor plan” was a more detailed plan made pursuant to APOXSEE, the Revised and Updated Sarasota County Comprehensive Plan. APOXSEE provides for “Critical Area Plans,” such as the corridor plan at issue here.
At the time of the adoption of the corridor plan, respondents’ property was zoned “residential.” The corridor plan designated respondents’ property for use as “office,” concluding that office uses, which typically operate during the hours of 8:00 a.m. to 5:00 p.m. on weekdays, would have limited impact on adjacent property. Respondents’ request that their property be designated as “commercial,” which would permit more intense commercial activities, was denied although the Sarasota County Planning Commission *719 had recommended that respondents’ property be designated for commercial uses.
Respondents then filed a petition for writ of certiorari in the circuit court. In the order granting the petition, the circuit court ordered as follows:
A Writ of Certiorari is hereby issued and directed to the Defendants (a) quashing the actions and decisions of the Defendants denying the Plaintiffs’ request for a “commercial” land use designation for the Plaintiffs’ Property, (b) amending the land use designation of the Plaintiffs’ Property under the University Parkway Corridor Plan-West (No. 92-01-SP-West) from “office” to “commercial,” (c) ordering and directing the Defendants to immediately institute such proceedings relative to the University Parkway Corridor Plan — West (No. 92-01-SP-West) and the grant of the Plaintiffs’ request for a “commercial” land use designation for the Plaintiffs’ Property which are the subject matter of this action as are consistent with the conclusions, findings and rulings set forth in this Final Judgment, and (d) ordering and directing the Defendants that all future actions and decisions by the Defendants with respect to the land use designation and zoning of the Plaintiffs’ Property shall be consistent with the conclusions, findings and rulings set forth in this Final Judgment and that in response to any application for a development order or permit submitted by the Plaintiffs to the Defendants in accordance with the adopted rules and regulations of Sarasota County, the Defendants shall take such actions and make such decisions as are consistent with the conclusions, findings and rulings set forth in this Final Judgment.
Preliminary to its above determinations, the circuit court found that although adoption of the corridor plan was generally legislative, under the particular circumstances of this case, it was “quasi judicial” as to respondents’ parcel, and cited Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993). From the record of the hearing before the circuit judge, it is evident that the judge was influenced in this determination by the fact that the corridor plan contained the following condition for development approval applicable only to respondents’ parcel:
A forty (40) foot "wide easement to protect the waterline(s) crossing the 1.5 acre +/- parcel lying south of University Parkway and west of Lockwood Ridge Road shall be reserved for acquisition by Sarasota County Utilities Department, if necessary, prior to any preliminary construction or site and development approval relative to said parcel on these sites. (P.App.Q79-81)
It is respondents’ contention that the corridor plan is quasi-judicial even without the easement requirements, while petitioners contend that the corridor plan is legislative in nature. Both sides rely on the Snyder case, as did the circuit judge herein.
The first issue we must decide is whether the corridor plan was generally legislative or quasi-judicial. Second, if legislative, did the development condition discussed above make it quasi-judicial at least as was applied to respondents? We find that the circuit court departed from the essential requirements of law in finding the corridor plan to be quasi-judicial.
The Snyder case involved a ruling on a specific rezoning request involving a one-half acre parcel of property which the Florida Supreme Court found was quasi-judicial:
It is the character of the hearing that determines whether or not board action is legislative or quasi-judicial. Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3d DCA 1982). Generally speaking, legislative action results in the formulation of a general rule of policy, whereas judicial action results in the application of a general rule of policy....
Applying this criterion, it is evident that comprehensive rezonings affecting a large portion of the public are legislative in nature. However, we agree with the court below when it said:
[Rjezoning actions which have an impact on a limited number of persons or property owners, on identifiable parties and interests, where the decision is contingent on a fact or facts *720 arrived at from distinct alternatives presented at a hearing, and where the decision can be functionally viewed as policy application, rather than policy setting, are in the nature of ... quasi-judicial action....
627 So.2d at 474 (emphasis in original.)
Respondents’ argument that the “character of the hearing” referred to in Snyder refers primarily to the due process aspects of the hearing is not well taken. Applying the Snyder criteria in context, we find that the corridor plan here, affecting some 179 acres of land, including forty-eight separate parcels, was the formulation of a general policy rather than the application of a previously determined policy. Further, although the corridor plan directly affected a finite number of parcels, the number was fairly substantial. The area within the purview of the plan was a vibrant, rapidly changing area of the county in need of a more updated plan. The corridor plan did not downgrade respondents’ present residential zoning. In fact, it permitted an office use, which was not permitted in the present zoning classification, although there is some evidence in the record that the area in question had, in a prior plan, been previously approved for office use.
The question remains, does the inclusion of the waterline easement requirement applicable only to respondents’ property make the corridor plan quasi-judicial? We find that this minor, rather tentative requirement, does not convert the plan, even as applied to respondents, to quasi-judicial. Interestingly, the county almost conceded the invalidity of this condition at the hearing before the circuit court, and the circuit court could have solely invalidated that condition. We approve the portion of the order under review which holds that provision null and void.
Applying the “fairly debatable” test which is applicable to legislative decisions, there is no question that the corridor plan is a valid exercise of legislative power, given the evidence before the Board which adopted the corridor plan.
However, we do not express an opinion as to whether respondents’ parcel should be rezoned for commercial uses, although we do hold that the action of the circuit judge, in effect rezoning the parcel, was a departure from the essential requirements of law. This court would note that a careful review of the property and surrounding sites confirms no adjacent single family homes. Further, it would be hard to envision a more commercially intensive intersection than the one in question. Respondents have not applied for rezoning. If and when they do, the presumably quasi-judicial proceeding which ensues will focus exclusively on respondents’ parcel and the various criteria applicable to rezoning. Consideration of the adoption of the whole corridor plan here could not so focus.
Respondents argue that any rezoning is required to be in conformance with the corridor plan and, thus, applying for rezoning would be a futile act. However, as the county concedes, what is in conformity with the comprehensive plan or corridor plan in the context of a site-specific rezoning application would not necessarily be dictated by the designation of a particular use for a certain parcel in such plans but, rather, by the plan as a whole. We agree with the analysis in Eide v. Sarasota County, 908 F.2d 716, 727 (11th Cir.1990).
We therefore grant the petition for writ of certiorari and quash the decision of the circuit court.
BLUE and WHATLEY, JJ., concur.