FLETCHER, Judge.
Orlando Mesa, Manuela Mesa and The Camelot Inn (⅛⅞/a The Metro Motel) [petitioners] petition for certiorari review of the circuit court’s denial of relief from an order entered by the respondent, City of Miami Nuisance Abatement Board [Board]. We deny their petition.
By section 893.138(2), Florida Statutes (1995), the legislature has authorized the various counties and municipalities of the state to create an administrative board to hear and take action on complaints regarding certain nuisances. The City of Miami established such a board [Miami, FI., Code § 45.5-2(a)(1) ]. The petitioners own and operate a motel which was made the subject of a quasi-judicial proceeding before the Board, which proceeding resulted in the entry of an “order declaring public nuisance and order of closure” which directed the business to cease operating for thirty days. This order was apparently rendered on March 3, 1995. The petitioners sought review of the order in the circuit court appellate division [case no. 95-101AP], They applied for and received [on March 13,1995] an order staying the Board’s order pending the outcome of that case, which outcome arrived on January 26, 1996, in the form of a denial of review.
The Board elected, on March 5, 1996, to modify its closure order to extend its jurisdiction for the period of time during which case no. 95-101AP had been pending, or until February 9, 1997. The Board apparently was operating under the belief that it needed to take this action in order to keep its closure order effective in light of section 893.138(4), Florida Statutes (1995) (“An order entered under subsection (3) shall expire after 1 year or at such earlier time as is stated in the order.”) and section 45.5-5(e), Code of Miami, FI. [“An order entered pursuant to this chapter shall expire after one (1) year or at such earlier time as stated in the order. The [B]oard may retain jurisdiction to modify the orders prior to the expiration of the orders, where just cause is found to exist.”] The new order directed closure for a period of thirty days, beginning five days from the date of the order. Petitioners were given no notice of the hearing at which this new order was entered, and they were unaware of the hearing until after the new order was served on them.
The petitioners sought review of this new order extending jurisdiction and closing the business, which review the circuit court ap *502 pellate division denied in its case no. 96-SOAP. The petitioners then petitioned this Court, contending that the circuit court failed to apply the correct law as (1) the new order was entered more than one year after the entry of the initial order, and thus violates section 45.5-5(e), Code of Miami, FL, which requires any modification of orders to take place within one year; and (2) the Board denied them due process when it entered the modifying order without giving them notice and opportunity to be heard.
As to their first contention, we hold that when Nuisance Abatement Board orders under section 893.138, Florida Statutes (1995), or section 45.5-5(e), Code of Miami, FL, are stayed pending the outcome of judicial proceedings, the running of the one-year period is tolled until such time as the stay is terminated. Thus, it was not necessary for the Board to extend the original order to keep it viable. Any result to the contrary would render meaningless Board orders on which review is sought and a stay order is entered which extends beyond the one-year period. Under such a circumstance, the legislative purpose of timely nuisance abatement would be made unreasonably difficult to accomplish and the Board’s proceedings potentially never ending. We thus reject the petitioners’ first argument.
We find it unnecessary to rule on the second argument — that petitioners were denied due process — in light of our conclusion that the second order was unnecessary. We would note, however, that like all quasi-judicial boards, the Nuisance Abatement Boards must provide proper notice and an opportunity to be heard prior to the Board’s taking actions which affect the interests of parties before it. Jennings v. Dade County, 589 So.2d 1337, 1340 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla.1992); Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648, 652-53 (Fla. 3d DCA 1982). Here, because the second order was surplusage, we find the Board’s failure to provide notice prior to its entry to be harmless error.
Petition denied.