83 N.J. Super. 494 (1964)
200 A.2d 505
PATRICK C. MAZZA AND ZYTA MAZZA, PLAINTIFFS-APPELLANTS,
v.
BOARD OF ADJUSTMENT OF THE CITY OF LINDEN, ETC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1964.
Decided May 14, 1964.
*495 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Leo Kaplowitz argued the cause for appellants.
Mr. Lewis Winetsky argued the cause for respondents.
PER CURIAM.
The zoning board of adjustment (board) denied plaintiffs' application for a (c) variance (N.J.S.A. 40:55-39(c)). The Law Division held that plaintiffs had *496 established their right to the variance on the merits, but that "since the plaintiffs' application was substantially the same as * * * one made in 1961 * * * plaintiffs' application is barred by the doctrine of res judicata."
There was no opposition to the variance before the board. The neighbors who appeared stated they had no objection to the application. The question of res judicata was not raised by anyone. The board heard the application on its merits and denied it on its merits. Res judicata was mentioned for the first time in the board's answer to the complaint in the Law Division.
Whether an application is to be rejected on the grounds of res judicata is in the first instance for the board to determine. Even if the application is closely similar to a previous one, or identical with it but it is alleged that the surrounding circumstances have changed or that experience has shown the prior denial was error (cf. Gruber v. Mayor etc., of Raritan Township, 39 N.J. 1, 12 (1962)), it is within the discretion of the board whether to reject the application on the ground of res judicata, and the exercise of that discretion may not be overturned on appeal in the absence of a showing of unreasonableness. Lubliner v. Board of Alcoholic Beverage Control, 33 N.J. 428, 438 (1960); Smith v. Zoning Board of Adjustment, 59 N.J. Super. 553, 556-560 (App. Div. 1960); St. Cassian's Catholic Church v. Allen, 77 N.J. Super. 99, 108-109 (Law Div. 1962), reversed on other grounds 40 N.J. 46 (1963). It is not necessary for us to decide in this case whether res judicata may ever be raised for the first time on appeal, for, even if it may be, the facts in this case would not warrant it. There were substantial differences between this and the 1961 applications.
We hold, therefore, that the Law Division erred in denying the variance on the ground of res judicata. On the other hand, we agree with its conclusion that, on the merits, plaintiffs are entitled to the variance.
The board has presented certain factual arguments to us which were not raised or discussed when the matter was before *497 the board, and were not mentioned in the board's findings or conclusions. They are not arguments which we should or could consider now.
The judgment is reversed and the case is remanded to the Law Division for the entry of judgment in favor of plaintiffs.