## Franmar Co. Inc. v. Kellogg

*Jesse W. Beeghley, Jr.,* for plaintiff.
*Patrick Campbell,* for defendants.

DITTER, J., October 22, 1970.—The question in this case is whether the refusal of a use permit required by a zoning ordinance is res adjudicata as to a later application for a special exception.

Defendants are the equitable owners of a piece of improved property situate on Sumneytown Pike, Lower Gwynedd Township. On June 1, 1967, defendants filed an application with the zoning officer for a certificate of conformity to use an existing barn on their property for an obedience training school for dog owners. The certificate was refused and the matter appealed to the zoning board of adjustment, which, in turn, granted a use permit under section

300e of the zoning ordinance. Franmar Co., Inc., which owns an adjoining property, then appealed to this court where the decision of the board was reversed.*

Defendant subsequently reapplied to the board, asking for a special exception under section 301 of the ordinance. Franmar then brought the present action in equity to enjoin defendants from proceeding with a hearing before the board on the grounds that this court's decision was res adjudicata as to any similar application. Although a preliminary injunction was issued against defendants, we will now dissolve it. There are two bases for this decision: first, it is for the zoning board to make an initial determination as to res adjudicata, not a court of equity. It is a matter within the board's discretion and will not be reversed in the absence of unreasonableness: Mazza v. Board of Adjustment of Linden, 83 N. J. Superior Ct. 494, 200 A. 2d 505 (1964). Secondly, even if the matter were properly before the court, the questions to be considered on an application for a special exception differ from those determined by the prior appeal.

The board's initial findings in this matter were based on the fact that Mr. Kellog's vocation as a teacher and operator of dog obedience schools came within the meaning of the word "teacher" as that term is used as one of the permitted accessory uses under section 300e of the zoning ordinance. That section provides:

"Accessory use on the same lot with and customarily incidental to any of the above permitted uses.

---

* Franmar Co., Inc., v. Lower Gwynedd Township, 89 Montg. 366 (1968).

Accessory use shall be understood to include the professional office or studio of a doctor, dentist, veterinarian, masseur, teacher, artist, architect, engineer, draftsman, musician, lawyer, magistrate, also rooms used for home occupations, including dressmaker, millinery, laundry or similar handcrafts; provided the office, studio or occupational room is located in a dwelling in which the practitioner resides or in a building accessory thereto."

In reversing the decision of the board, the Hon. Frederick B. Smillie, writing for this court, stated that the sole question was whether the proposed use was the kind of activity encompassed by section 300e of the ordinance. Judge Smillie concluded that defendant was not a teacher within the meaning of the ordinance.

Defendant's second application to the board was based on section 301 of the ordinance which permits within the district "Any use, similar to the above accessory uses listed under Section 300, when authorized as a special exception by the Zoning Board of Adjustment."

Plaintiff's sole contention is that the section 301 application must be barred as a result of this court's decision pertaining to the section 300e request. We disagree.

Not many zoning applications are dismissed on the grounds of res adjudicata. Zoning is a continuing regulation in an area of constant change and the need for flexibility outweighs the risk of recurring litigation. It is clearly established that, in most circumstances, a zoning board has discretion to entertain a repetitive application and to decide it on the merits. See J. B. Simon & Company v. Zoning Board of Adjustment, 403 Pa. 176 (1961). In addition, whether

a decision will be res adjudicata as to any subsequent actions must depend upon specific findings of fact, the criteria contained in the ordinance, and the reasons that influenced the board to act. See Grubb Appeal, 395 Pa. 619 (1959).

In the instant case, the board in its order of July 3, 1967, concluded that the proposed use was a "permitted accessory use under Section 300e of the Zoning Ordinance." Nowhere within the framework of that order is there any mention of section 301. Any confusion must have been generated from the board's opinion dated October 26, 1967, in which it was stated:

"Although the Order of this Board, dated July 3rd, 1967, grants the permit under Section 300 E and makes no mention of a special exception under Section 301, the Board is of the opinion that the proposed obedience school activity of the Applicant is similar to the listed professional uses under subsection (e) and, thus, this Board could very well have granted a special exception to the Applicant under Section 301 for the proposed use in addition to the permit granted under Section 300 E."

The reference to section 301 was clearly no more than a gratuitous comment, and certainly not a conclusion of law. This finding is supported by the fact that this court treated the appeal from the board solely as one involving the interpretation of section 300e of the ordinance. Nowhere in the court's opinion is there any reference to section 301. The merits not having been decided with respect to section 301, res adjudicata cannot and does not apply to defendant's present application.

### DECREE NISI

And now, October 22, 1970, plaintiff's complaint is hereby dismissed and the preliminary injunction

of this court dated May 10, 1968, is hereby dissolved with costs on plaintiff.

The prothonotary, in accordance with the rules of equity procedure, shall give notice to counsel of the filing of this adjudication and unless exceptions are filed within 20 days of such notice, the decree nisi will become the final decree upon praecipe.