144 N.J. Super. 78 (1976)
364 A.2d 574
WOODLAND CIVIC ASSOCIATION, MALCOLM LAWLER, AND MARGARET LAWLER, HIS WIFE, AND ANTHONY ESPOSITO, PLAINTIFFS,
v.
BRICK HOMES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, TOWNSHIP OF CHERRY HILL, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF CHERRY HILL, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 23, 1976.
*80 Mr. Ralph J. Kmiec for plaintiff Woodland Civic Ass'n (Messrs. Kmiec & Palumbo, attorneys).
Mr. Lee M. Hymerling for defendant Brick Homes, Inc. (Messrs. Archer, Greiner & Reid, attorneys).
*81 Mr. Lee B. Laskin for defendant Zoning Board of Adjustment of the Township of Cherry Hill.
Mr. Raymond W. Uliase for defendant Township of Cherry Hill (Messrs. Uliase, Uliase & Greenblatt, attorneys).
TALBOTT, J.C.C., Temporarily Assigned.
This is a prerogative writ action brought by Woodland Civic Association, an association of taxpayers residing in the Township of Cherry Hill, to review the actions of the zoning board of adjustment (board) and the Township Council of Cherry Hill in granting a use variance to Brick Homes, Inc. (Brick) pursuant to N.J.S.A. 40:55-39(d).
This matter comes before the court on cross-motions for summary judgment. In the alternative, plaintiff has moved that the case be remanded to the board for further proceedings. The court has before it a record of proceedings before the board taken December 4, 1975, together with the interrogatories on file and copies of the petition of appeal, affidavit of service of notice, notice to property owners, resolution of the board of adjustment, resolution of the governing body, and resolution of the governing body and board of adjustment relating to a previous zoning application for the subject site.
Based upon the extensive record now before it the court finds the following facts.
The subject property is located at 601 Longwood Avenue, Plat 8, Block 104, Lot 1 of the Tax Map of the Township of Cherry Hill. The tract is situated in a district zoned R-2, residential. It lies adjacent to Route 38, a heavily traveled state highway. Next door sits a busy McDonald's restaurant and across the street is located another fast food restaurant, now closed. Nearby is located a Two Guys department store and other commercial and industrial establishments.
The property is presently occupied by an unsightly, deteriorating warehouse used by Brick for office and storage *82 purposes. The warehouse exists as a prior nonconforming use.
Brick first applied for a variance for this property in November of 1972, Appeal No. 1407. At that time the proposed use was as construction office and showroom. It was apparently Brick's intent to use the structure for a home remodeling business. After public hearing the Board granted the requested variance, but the township council reversed the board's action and Brick appealed to the Superior Court. In a letter opinion the judge presiding over that case found that the question was a close one since the subject property is across from and adjacent to commercial uses and is quite near Route 38, but held that the question was one whose resolution was better left with the local governing body. Summary judgment was therefore entered against Brick.
At the time the first suit was filed the property was zoned in part as B-2 and in part as R-2. Sometime thereafter the entire property was zoned R-2. Brick once again filed suit against Cherry Hill Township to contest the validity of the new zone classification. After suit was filed settlement negotiations commenced and it was agreed by the parties that Brick would dismiss the suit, without prejudice, pending application before the board for a variance for use of the property as an office building rather than the initial proposed use of construction office and showroom.
Pursuant to that stipulation of dismissal Brick petitioned the board for a "d" type variance on November 19, 1975. All property owners within 200 feet of the subject tract were duly served with notice of the appeal, as required by N.J.S.A. 40:55-44, on November 24, 1975. The hearing on the petition was set for December 4, 1975.
By letter dated December 1, 1975 plaintiffs requested a continuance in order that they might have adequate time to secure counsel and develop a case in opposition to the requested variance. This request was orally renewed at the commencement of the December 4, 1975 hearing and was denied by the board. At the hearing itself Brick presented *83 the testimony of Brick's owner and an expert in real estate appraisal. Photographs of the existing structure and the surrounding area and drawings and renderings of the proposed structure were submitted as evidence in support of the application. Those objecting to the variance cross-examined Brick's witnesses, and at the conclusion of the testimony were afforded the opportunity to make statements in opposition to the variance. The opposition centered on the possibility that commercial vehicles, construction equipment and building materials would be parked or stored on the premises. Although the board indicated that such uses would not be permitted, neighboring residents still feared that Brick would not abide by the conditions attached to the variance.
By resolution dated December 18, 1975 the board approved the variance, with conditions. By resolution dated January 12, 1976, after hearing arguments from members of the association and from plaintiff's counsel, township council affirmed the board's grant of the variance.
Plaintiff now moves for summary judgment on the basis that no special reasons support the variance and that the present application is barred by the principles of res judicata. In the alternative plaintiff seeks an order of remand on three grounds: (1) the board failed to set forth with particularity the special reasons justifying the grant of the variance; (2) the board made no specific findings on the issue of res judicata, and (3) the board abused its discretion in refusing to grant the requested continuance. Defendants cross-move for summary judgment on the basis that this court cannot disturb the board's action, as affirmed by council, absent a showing of abuse of discretion which is not present here. Defendants oppose remand.
[The court here found that the board resolution granting the variance contained "special reasons" without so specifically designating them, and that res judicata and collateral estoppel cannot be argued on the facts.]
*84 Plaintiff argues that the failure of the board to make specific findings on the issue of res judicata requires remand of the case for that purpose. Plaintiff relies on the above quoted language from Grundlehner, supra [Grundlehner v. Dangler, 29 N.J. 256], and on Mazza v. Linden Bd. of Adj., 83 N.J. Super. 494 (App. Div. 1964).
In Mazza the court stated:
Whether an application is to be rejected on the grounds of res judicata is in the first instance for the board to determine. Even if the application is closely similar to a previous one, or identical with it but it is alleged that the surrounding circumstances have changed or that experience has shown the prior denial was error it is within the discretion of the board whether to reject the application on the ground of res judicata, and the exercise of that discretion may not be overturned on appeal in the absence of a showing of unreasonableness. [at 496; citations omitted]
Plaintiff's reliance on Grundlehner is misplaced. The exactitude required by that case applies only to findings of special reasons. A zoning board should not be required to set forth findings regarding res judicata with the same specificity as required for findings of special reasons. A zoning board can better assess the facts tending to support a finding of special reasons than can a court. However, a court is in a better position to apply the legal doctrines of res judicata and collateral estoppel to a given fact situation. The first is primarily a factual determination which takes into consideration the needs and circumstances of the community which a zoning board is impanelled to serve. The second does not demand an intimate knowledge of the community.
The court also concludes that Mazza does not warrant a remand to the board. In that case the zoning board, seeking to uphold its denial of a variance, raised the issue of res judicata for the first time in its answer to the applicant's complaint in the Law Division. In this case the applicant himself brought the issue of res judicata before the board at the December 4 hearing. There Brick's counsel solicited lengthy testimony from the applicant concerning *85 the previous litigation relative to the requested variance, including a reading of the resolution granting the variance in Appeal No. 1407. The board specifically mentions, in its findings of fact, that the property was the subject of a previous zoning petition. Yet, having considered the prior application, the board still saw fit to grant the variance. The court does not believe that the cases cited by plaintiff require that a zoning board articulate specific changes in the two applications; consideration of the issue is sufficient. Accordingly, plaintiff's motion to remand for further consideration of the res judicata aspects of the case is denied.
Plaintiff's final argument raises an issue not previously discussed in reported New Jersey decisions: what is the duty of a zoning board when objectors request a postponement in order to secure counsel to assist in opposing a pending zoning application?
Plaintiff argues that objectors were entitled to a full hearing, assisted by counsel. Plaintiff asserts that the failure of the board to grant a reasonable postponement effectively negates the right to fully present opposition to an application for a variance.
Plaintiff correctly observes that proceedings before a zoning board are of a quasi-judicial nature. J.D. Construction Corp. v. Isaacs, 51 N.J. 263 (1968). The hearing before the zoning board, argues plaintiff, is a most important stage of a zoning dispute since other tribunals are bound by the record made at that hearing. Thus, states plaintiff, it is vital that objectors be represented by someone trained in the art of fact development and cross-examination, and it is manifestly unfair for this quasi-judicial body to deny a request for a reasonable postponement.
N.J.S.A. 40:55-44 requires an applicant for zoning relief to give owners whose property is located within 200 feet of the subject property at least ten days notice in advance of the scheduled hearing on his application. The statute also guarantees the right of any party to be represented by counsel at that hearing. It is debatable whether *86 the Legislature intended that neighboring property owners be deemed parties (see Annotation, "Construction and Application of Statute or Ordinance Provisions Requiring Notice as Prerequisite to Granting Variance or Exception of Zoning Requirement," 38 A.L.R.3d 167, 210-221 (1971)). However, our Supreme Court has stated that this statute "requires formal hearings * * * with the right of interested persons to be represented by counsel." Dolan v. DeCapua, 16 N.J. 599, 611 (1954). Without question, plaintiffs are "interested persons" within the meaning of the statute.
It is the position of the board that the ten-day notice provision in N.J.S.A. 40:55-44 represents a legislative determination that ten days is a sufficient time for objectors to prepare their opposition. If, contends the board, the Legislature had intended to allow objectors more time, then they would have required a longer notice period or would have set forth standards providing for postponements. The board contends that this statutory scheme grows out of the Legislature's recognition of the nature of zoning hearings and the practical difficulties which would be faced by zoning boards if postponements could be routinely obtained. In Cherry Hill, observes the board, a rapidly expanding, prosperous suburb inhabited by a litigious populace necessitates that hearings on zoning applications be scheduled months in advance. If every interested person could obtain a postponement upon request, it would result in scheduling chaos and extensive delay thereby impairing the legitimate rights and expectations of applicants for zoning relief.
The right to representation by counsel carries with it the right to a reasonable time to engage counsel and to prepare opposition to a pending application for a variance. Defendants do not dispute that had the applicant here requested a continuance, he would have been entitled to one. Objecting neighbors, too, have a substantial interest in the outcome of a variance application. A proposal to alter the zoning restrictions made applicable to a particular property may operate to depreciate the property rights of surrounding *87 landowners and may impair the safety and aesthetics of the neighborhood.
Defendants infer from the statute that ten days is ipso facto a reasonable time and that a zoning board's refusal to grant objectors a continuance after the notice provisions have been complied with cannot be reviewed under any circumstances. The court disagrees. A fairer, more sensible interpretation of the ten-day notice requirement would be that it constitutes a legislative determination that ten days is a reasonable time for neighboring landowners to marshall their opposition in most instances. The statutory zoning scheme vests a great deal of discretion with the local board of adjustment. The standard so often enunciated in variance appeals is whether a board's action, presumptively correct, has been shown to be arbitrary, unreasonable and capricious so as to amount to an abuse of discretion. Stolz v. Ellenstein, 7 N.J. 291 (1951); Rexon v. Haddonfield Bd. of Adj., 10 N.J. 1 (1952). That standard equally applies to a zoning board's refusal to grant a continuance to objectors even when the statutory ten-day notice provision has been complied with.
The board should have granted the requested continuance in this case. Due to the number of complications and other factors present here ten days notice was not sufficient time for the objectors to engage counsel and prepare their case. Members of the Civic Association were served with notice on November 24, 1975. On December 1, 1975 plaintiff wrote to the board requesting a short delay. The reason for the delay was set forth in the letter. It's clear the request was timely and could not be considered made for obstructionist purposes. It must be remembered that here a civic association wished to contest the variance. The board should have taken into consideration the difficulties facing the association in calling its members, scheduling a meeting and collecting the funds necessary to hire an attorney. The board should also have taken into consideration the organizational *88 difficulties attendant in making the required preparation over the Thanksgiving holidays.
The circumstances surrounding this application were far more complex than those present in most variance proceedings. A similar request had been made three years before by the same applicant. It was approved by the board, then denied by the municipality whose denial was affirmed by the Superior Court. Counsel could have more effectively elucidated the res judicata aspects of the case. With a continuance plaintiff could have produced its own expert to assist the board in making its determination.
The court is mindful of the board's fears that an unqualified right to a continuance upon request would wreak havoc on the efficient administration of the board and work to the detriment of applicants for zoning relief. The ruling of this court should not be interpreted as recognizing such an unqualified right. However, at the hearing the board's counsel did not give plaintiffs any reasons for its action beyond stating that ten days notice had been given and that a zoning hearing is not an adversary proceeding.
In light of all of the above the court finds that the board was arbitrary in not responding to plaintiff's request for a continuance. It is incumbent upon a zoning board to give all interested persons a fair opportunity to prepare their case. As one of the members of the Civic Association observed the applicant has months, even years, to prepare his case and can get a continuance upon request, while objectors only had ten days including the Thanksgiving holiday. In this case ten days was not enough and the Board abused its discretion in not granting plaintiff's request, or at least in not giving reasons why it would not do so.
Although the board erroneously refused to grant the continuance that error does not of necessity compel a remand of the case. It is in the discretion of the court to determine whether a remand of administrative action, under review for further proceedings, is required in the interests of justice. Wilson v. Mountainside, 42 N.J. 426, 442 (1964). For a *89 number of considerations the court feels that a remand in this case would not substantially promote the interests of justice.
In the first place, aside from the refusal to grant the continuance, plaintiffs here were accorded a very fair and thorough hearing. The hearing commenced shortly after 8 P.M. and did not adjourn until 12:15 A.M. During that time all persons who sought to do so were accorded the right to ask questions of the applicant and applicant's counsel and witness, and were thereafter permitted to make statements and present argument before the board. The transcript of the hearing reflects that these rights were vigorously exercised.
Secondly, at all stages following the hearing, plaintiffs have been ably and vigorously represented by counsel.
Furthermore, the board clearly paid close attention to the facts and contentions of both sides, as can be seen from the numerous and relevant questions asked. They also made reasonable and extensive findings of fact and predicated their conclusions upon those findings. In this regard it should be noted that the objections voiced by plaintiff were not directed to the proposed building itself, but were rather concerned with the parking of vehicles and the storage of construction equipment. In response to those objections the Board places stringent restrictions on the variance banning the parking and storage of heavy equipment building materials and commercial vehicles and prohibiting loading and unloading on the construction platform situated upon the existing warehouse. Plaintiffs' interests as expressed at the hearing have been amply protected by the board.
Finally, the court must consider the substantial merit of Brick's applications as gleaned from the copious record submitted. No one denies that the present structure is an eye-sore. It is located adjacent to one of the busiest highways in Camden County. Even though the property is zoned R-2, the adjoining area is commercial. The board found, and the court agrees, that the lot in question will in all likelihood *90 never be used for residential purposes. It is surrounded by fast food restaurants, commercial and industrial uses, excessive noise and generally unattractive surroundings. In granting the variance with conditions the board replaces an unsightly prior nonconforming use with an attractive office building, thereby providing the township with a substantial ratable while at the same time protecting the legitimate concerns of the nearby residents.
Although error was committed here, the court rests its decision not to remand on the doctrine of harmless error. J. Abbott and Son, Inc. v. Holderman, 46 N.J. Super. 46 (App. Div. 1957); Nordco, Inc. v. State, 43 N.J. Super. 277 (App. Div. 1957). Brick initially filed its variance application in November 1972. Between then and now the applicant has been before the board twice, township council twice, and is now in court for the third time. This dispute has consumed a great deal of time for the parties and the court, at great expense to everyone involved. Although the board in the circumstances here was unreasonable in its refusal to grant the requested continuance, the court is satisfied, after reviewing the record and actions of the board and considering the totality of the circumstances, that substantial justice was rendered. See Kramer v. Board of Adjustment, Sea Girt, 45 N.J. 268, 285 (1965). Plaintiff's motion to remand the application to the board is denied; defendant's motion for summary judgment is granted.
Defendant shall submit an order consistent with this opinion.