**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2583-16T4

THOMAS DIDONATO,

     Plaintiff-Respondent,

v.

CAPE MAY CITY PLANNING
BOARD,

     Defendant-Respondent,

and

MARY ELLEN PERILLO,

     Defendant/Intervenor-
     Appellant.

_____

     Argued November 14, 2018 – Decided December 14, 2018

     Before Judges Ostrer, Currier, and Mayer.

     On appeal from Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0312-14.

Salvatore Perillo argued the cause for appellant (Nehmad Perillo & Davis, attorneys; Salvatore Perillo, on the briefs).

Richard M. King, Jr. argued the cause for respondent Cape May City Planning Board (Law Office of Richard M. King, Jr., attorneys; Richard M. King, Jr., on the brief).

Christopher M. Baylinson argued the cause for respondent Thomas DiDonato (Perskie, Mairone, Brog, Barrera & Baylinson, PC, attorneys; Christopher M. Baylinson, on the brief).

PER CURIAM

Intervenor Mary Ellen Perillo (Perillo)[1] appeals from an August 25, 2016 order affirming a decision of defendant Cape May City Planning Board (Board) that it had jurisdiction to hear a development application filed on behalf of plaintiff Thomas DiDonato (DiDonato) and denying her motion for summary judgment based on res judicata, collateral estoppel, and jurisdictional

---

[1] Perillo is a resident of the Cape May Harbor Cove Village and Yacht Club (Harbor Cove Village) and owns a home fronting on the street known as Harbor Cove Drive. Residents of Harbor Cove Village, including Perillo, are members of the Harbor Cove Village Homeowner's Association (Association).

arguments. Perillo also appeals from a February 14, 2017 order denying her motion for reconsideration.[2] We affirm.

In October 2012, DiDonato filed an application to develop a fourteen-lot residential subdivision in Cape May (October 2012 application). The October 2012 application provided four of the lots would have access to Harbor Cove Drive and proposed improvements to an eight-foot area between Harbor Cove Drive and the lots, including curbs, sidewalks, and driveway access.

The Board held hearings on the October 2012 application in December 2012, June 2013, and July 2013. During these hearings, Perillo argued the Board lacked jurisdiction to hear the matter because Harbor Cove Drive is a private street owned by the Association. By a vote of eight to one, the Board determined it lacked jurisdiction to hear the October 2012 application due to defective notice regarding variances required for the project. Because it found the applicant's notice was defective, the Board never addressed the merits of the October 2012 application.

DiDonato filed a revised development application on October 1, 2013 (October 2013 application). The October 2013 application presented a new

---

[2] On appeal, Perillo fails to address the judge's denial of her reconsideration motion. Issues not briefed on appeal are deemed waived. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

concept plan to the Board. Perillo objected to the October 2013 application, claiming the Board lacked jurisdiction and was barred from hearing the revised application based on the doctrines of res judicata and collateral estoppel.

The Board rejected Perillo's arguments and heard testimony regarding the October 2013 application. The Board determined Harbor Cove Drive was a "street" in accordance with the Municipal Land Use Law (MLUL), and DiDonato would have the right to "access it, possibly widen, and develop the [eight]-foot adjacent area to the Harbor Cove [Drive] roadbed" if he filed a conforming development application.

The Board determined it had jurisdiction to review the October 2013 application based, in part, on filed deeds for the properties in Harbor Cove Village, the tax map for Cape May City (City), and a 1993 subdivision map for Harbor Cove Village. According to these documents, Harbor Cove Drive is thirty-eight feet wide inclusive of the eight-foot area adjacent to the road's cartway.[3]

---

[3] The road bed for Harbor Cove Drive is twenty-two feet wide. The addition of the two eight-foot swaths along each side of the street creates a road that is thirty-eight feet wide consistent with the filed deeds for Harbor Cove Village and filed maps.

The Board also concluded it had jurisdiction to consider the October 2013 application based on actions taken by the Association. In 2006, the Association took steps to dedicate Harbor Cove Drive to the City. To accomplish the dedication of Harbor Cove Drive, the Association applied for the preliminary subdivision of Harbor Cove Village, and submitted a site plan designating Harbor Cove Drive as a "minimum cartway of [twenty-eight] feet . . . and a [seven]-foot parking lane on one side." On November 23, 2010, the Board approved the Association's subdivision application. On May 17, 2011, the City and the Association entered into an agreement wherein the Association dedicated, and the City accepted, Harbor Cove Drive as a public street. The agreement regarding the dedication of Harbor Cove Drive was memorialized in Resolution No. 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. On June 15, 2011, the Association and the City signed another agreement outlining additional terms for the dedication of Harbor Cove Drive.

After learning DiDonato intended to access Harbor Cove Drive for his residential development, the Association refused to file a final subdivision map dedicating Harbor Cove Drive to the City. On December 15, 2012, Perillo sent an email to Association members, stating, "I would suggest that [the Association], if possible, suspend the transfer of Harbor Cove [Drive] to the City

since that transfer is what is making [DiDonato's] development possible." On February 14, 2013, an Association board member wrote a letter to all Association members stating, "[t]he statements made concerning cancellation of said dedication were made to be used as leverage in our attempt to prohibit the development[.]" The Association board member explained, "we are continuing with the street dedication[.]"

While the Board concluded it had jurisdiction to hear the October 2013 application, it was denied because the application lacked the necessary variances for lots fronting on Harbor Cove Drive.

On July 9, 2014, DiDonato filed a complaint in lieu of prerogative writs, challenging the Board's denial of the October 2013 application. On October 6, 2014, Perillo filed a motion to intervene. The judge granted leave to intervene, but limited Perillo's participation to the interpretation of the MLUL as it applied to the October 2013 application and whether the Board had jurisdiction to hear that application.

Perillo filed a motion for summary judgment on June 30, 2015, arguing the Board lacked jurisdiction to review the October 2013 application and was barred from hearing the application based on the doctrines of res judicata and collateral estoppel. In his ruling on Perillo's motion, the judge found: (1) the

A-2583-16T4

City is the equitable owner of Harbor Cove Drive; (2) the Board had jurisdiction to hear the October 2013 application; and (3) the Board was not barred by the doctrines of res judicata or collateral estoppel from hearing the October 2013 application. In addition to denying Perillo's motion, the judge affirmed the Board's denial of the October 2013 application, and dismissed DiDonato's complaint in lieu of prerogative writs.[4] Perillo's motion for reconsideration was denied.

On appeal, Perillo argues: the Board lacked jurisdiction to hear the October 2013 application because the Association owns Harbor Cove Drive and the adjacent eight feet; the notice of the October 2013 application was defective because it failed to explain the matters to be considered by the Board and did not properly notice all property owners within two hundred feet of Harbor Cove Drive; and the Board was barred from hearing the October 2013 application based on the doctrines of res judicata and collateral estoppel.[5]

---

[4] These rulings are not challenged in this appeal.

[5] Perillo also challenges the judge's finding that she had unclean hands related to the prerogative writs action. We do not address this issue because the judge expressly indicated "the court's previous finding that [Perillo] had unclean hands had no impact on the August 25, 2016 decision" or the reconsideration decision.

We review a summary judgment determination de novo, applying the same standard as the trial court. Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 224 N.J. 189, 199 (2016). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A trial court reviewing a determination by a board is required to give deference to the board's decision and should reverse only if the municipal action was arbitrary, capricious, or unreasonable. Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81 (2002). A court should not substitute its judgment for that of a board "even when it is doubtful about the wisdom of the action." Ibid. (quoting Cellular Tel. Co. v. Zoning Bd. of Adj., 90 F. Supp.2d 557, 563 (D.N.J. 2000)). Because the actions of a municipal board are presumed valid, "the party attacking such action has the burden of proving otherwise." New York SMSA Ltd. P'ship v. Bd. of Adjustment of Bernards, 324 N.J. Super. 149, 163 (App. Div. 1999). We will not disturb a board's decision unless there is a clear abuse of discretion. Charlie Brown of Chatham, Inc. v.

Bd. of Adjustment Chatham Twp., 202 N.J. Super. 312, 321 (App. Div. 1985) (quoting Kramer v. Bd. of Adjustment Sea Girt, 45 N.J. 268, 296-97 (1965)).

We first consider whether Perillo's appeal is moot. "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). "An issue is 'moot' when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy." Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257–58 (App. Div. 2006). "[C]ourts will not decide cases in which the issue is hypothetical, a judgment cannot grant effective relief, or the parties do not have concrete adversity of interest." Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993) (quoting Anderson v. Sills, 143 N.J. Super. 432, 437 (Ch. Div. 1976)).

DiDonato did not appeal the judge's decision affirming the Board's denial of the October 2013 application. Even if Perillo prevailed on her claim that the Board lacked jurisdiction to review the October 2013 application, such a judgment would have no effect because the October 2013 application is no longer pending in any forum. Thus, Perillo's appeal regarding the October 2013 application is partially moot.

A-2583-16T4

However, Perillo's challenge to the Board's jurisdiction to review a development application requesting access to Harbor Cove Drive is not moot. There may be a future application seeking access to Harbor Cove Drive. Thus, we address whether the Board has jurisdiction to review a development application that includes access to Harbor Cove Drive as a public street.

In reviewing Perillo's jurisdictional challenge to the Board's review of the October 2013 application, we consider whether DiDonato provided the requisite notice of his application in accordance with the MLUL. N.J.S.A. 40:55D-11 sets forth the notice requirements for a development application. The statute provides, "[n]otices . . . shall state the date, time and place of the hearing, the nature of the matters to be considered and, in the case of notices pursuant to subsection 7.1 of this act, an identification of the property proposed for development by street address[.]" N.J.S.A. 40:55D-12(b) states, "[n]otice of a hearing requiring public notice . . . shall be given to the owners of all real property as shown on the current tax duplicates, located in the State and within 200 feet in all directions of the property which is the subject of such hearing[.]"

The judge concluded DiDonato provided sufficient notice to property owners within two hundred feet of Harbor Cove Drive as part of the October 2013 application. The filed notice identified, " . . . variance relief pursuant to

10

N.J.S.A. 40:55D-35 and 36 for street access, should it be determined that Harbor Cove Drive does not meet the definition of a street[.]"

Perillo argues notice for the October 2013 application was insufficient because it was not sent to all property owners within two hundred feet of the entire length of Harbor Cove Drive.  However, her argument is not grounded in any statute, regulation, or case law.  Perillo's interpretation of the notice requirement under the MLUL would require a developer to provide notice to all property owners located within two hundred feet of a particular roadway regardless of the length of the road.  For example, if a particular road was ten miles long, and traversed several different municipalities, the developer would need to send notice of a development application to all owners whose property abuts any portion of the ten mile length of the road.

Perillo's reliance on Brower Development Corporation v. Planning Board of Township of Clinton in support of her argument is misplaced.  In Brower, we held a developer constructing a new road was required to provide notice to property owners within two hundred feet because the property owners would be "significantly affected" by construction of a new road.  255 N.J. Super. 262, 270 (App. Div. 1992).  Here, DiDonato is seeking to access an existing street, Harbor Cove Drive, and not construct a new road.

11

Having reviewed the record, we are satisfied the notice for the October 2013 application stated the proposed development would require street access to Harbor Cove Drive, and so advised residents of Harbor Cove Village in satisfaction of the MLUL's notice requirements.

We next consider whether the City is the equitable owner of Harbor Cove Drive, thus granting the Board jurisdiction to consider the October 2013 application. "The doctrine of equitable ownership or equitable conversion is not a fixed rule but a fiction devised to achieve justice between the parties to a real estate transaction." Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 587 (2005). "The doctrine rests on the principle that, as between parties to a contract, equity regards things as done that were agreed to be done." Id. at 588. "In essence, equitable conversion is invoked to give effect to the mutual intent of the parties . . . [it] does not effect a transfer of legal title." Ibid.

In determining that Harbor Cove Drive is equitably owned by the City, the judge found the Association applied to the Board in 2010 for a preliminary subdivision, which included the Board accepting Harbor Cove Drive as a "public right-of-way." The Board approved the Association's subdivision application regarding Harbor Cove Drive on November 23, 2010. The judge also found the City and the Association agreed to dedicate Harbor Cove Drive as a public street

in a formal resolution adopted on May 17, 2011. In addition, the judge noted the Association and City entered into an agreement on June 15, 2011, outlining additional terms related to the dedication of Harbor Cove Drive.

In finding the City was the equitable owner of Harbor Cove Drive, the judge further noted the approval for Harbor Cove Village and the 1993 subdivision map for Harbor Cove Village provided "[t]he street known as 'Harbor Cove' on the plan, be opened to the public at all times and the final plan contain a note to that effect[.]" The judge also found the 1994 final subdivision plan for Harbor Cove Village delineated Harbor Cove Drive as the entire thirty-eight-foot width of the road.

The MLUL sets forth the jurisdictional requirements for planning boards to render determinations regarding development applications. In accordance with N.J.S.A. 40:55D-35, "[n]o permit for . . . any building or structure shall be issued unless the lot abuts a street giving access to such proposed building or structure. Such street shall have been duly placed on the official map or shall be (1) an existing State, county or municipal street or highway . . . ." N.J.S.A. 40:55D-7 defines a "street" as "any street, avenue, boulevard, road, parkway, viaduct, drive or other way (1) which is an existing . . . municipal roadway . . . and includes the land between the street lines, whether improved or unimproved,

and may comprise pavement, shoulders, gutters, curbs, sidewalks, parking areas and other areas within the street lines."  Here, the judge found the City is the equitable owner of Harbor Cove Drive and the street is "an existing . . . municipal roadway" in accordance with N.J.S.A. 40:55D-7.

The judge expressly rejected Perillo's argument that N.J.S.A. 40:67-1 required the City to adopt an ordinance accepting Harbor Cove Drive as a street. As the judge concluded: "Nowhere in the language of N.J.S.A. 40:67-1 or N.J.S.A. 40:55D-7 is the City [ ] required to pass an ordinance to adopt a street before it is deemed public or a 'street' as defined by the MLUL."

"Municipalities by appropriate ordinance or resolution may . . . formally accept an offer of dedication . . . but the acceptance may also be effected by other official conduct which manifests an intent to treat the land in question as dedicated to public use." Velasco v. Goldman Builders, Inc., 93 N.J. Super. 123, 137 (App. Div. 1966) (emphasis added); see also N.J.S.A. 40:67-1.  Having reviewed the record, we are satisfied that Harbor Cove Drive is a public street consistent with the MLUL because the Association made an offer to dedicate Harbor Cove Drive to the City, and the City accepted the dedication of that road by formal resolution.  Thus, the Board had jurisdiction to hear the October 2013 application.

We are not persuaded by Perillo's argument that the doctrines of res judicata and collateral estoppel barred the Board from considering the October 2013 application as DiDonato is no longer pursuing that application. However, to the extent the arguments may be raised in connection with a new development application requesting access to Harbor Cove Drive, we address the issue.

The doctrine of res judicata "refers broadly to the common-law doctrine barring relitigation of claims or issues that have already been adjudicated." Velasquez v. Franz, 123 N.J. 498, 505 (1991). In the land use context, res judicata is not a bar to a second application where the first application was not decided on the merits. See Charlie Brown of Chatham, Inc., 202 N.J. Super. at 327. In that case, we held:

> Res judicata as a principle of law bars a party from relitigating a second time that which was previously fairly litigated and finally determined. The general requirements for the invocation of the principle are a final judgment by a court or tribunal of competent jurisdiction, identity of issues, parties, cause of action and thing sued for. Collateral estoppel is that branch of the broader law of res judicata which bars relitigation of any issue or fact actually determined in a prior action, generally between the same parties while involving a different claim or cause of action. The terms are sometimes used interchangeably and applied broadly.
>
> [Ibid. (citing City of Hackensack v. Winner, 162 N.J. Super. 1, 27-28 (App. Div. 1978)).]

Whether to reject an application on the grounds of res judicata in the first instance is to be determined by the board.  See Mazza v. Linden Bd. of Adjustment, 83 N.J. Super. 494, 496 (App. Div. 1964).  We will not overturn a board's determination on the applicability of res judicata absent a showing of unreasonableness.  Ibid.

In this case, the judge rejected Perillo's argument that because the Board determined it lacked jurisdiction to consider the October 2012 application, the Board was bound by that determination in reviewing the October 2013 application.  The judge concluded the Board based its lack of jurisdiction as to the October 2012 application on the applicant's failure to provide public notice of the variances required for the lots fronting on Harbor Cove Drive.  The judge found "the issue of whether Harbor Cove [Drive] was a private street was never conclusively decided by the [] Board at that time."  Thus, the judge held the "Board [was] not bound by their initial jurisdictional ruling on July 23, 2013.  The court finds this was not a final adjudication of the merits of the original application and that the jurisdictional defect was cured."

Having reviewed the record, neither res judicata nor collateral estoppel bar the Board's consideration of the October 2013 application because the

Board's decision on the October 2012 application was not a determination on the merits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17