**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2377-24

STONEY 9, LLC, ROBERT A.
CARR and DEBORAH L. CARR,

      Plaintiffs-Appellants,

v.

PIERSON PLEASANTVILLE,
LLC d/b/a R.E. PIERSON
CONSTRUCTION CO. d/b/a
R.E. PIERSON MATERIALS
and TOWNSHIP OF DENNIS
CONSOLIDATED LAND USE
BOARD,

      Defendants-Respondents.

_____

Argued May 6, 2026 – Decided June 2, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0030-24.

Kevin Balistreri argued the cause for appellants (Hankin Palladino Weintrob Bell & Labov, attorneys; Kevin Balistreri, on the briefs).

Paul J. Baldini argued the cause for respondent Pierson Pleasantville, LLC d/b/a R.E. Pierson Construction Co. d/b/a R.E. Pierson Materials (Paul J. Baldini, PA, attorneys; Paul J. Baldini, on the brief).

Jon D. Batastini argued the cause for respondent Township of Dennis Consolidated Land Use Board (Garrett & Batastini, PA, attorneys; Jon D. Batastini, on the brief).

PER CURIAM

Plaintiff Stoney 9, LLC, and its principals, plaintiffs Deborah L. Carr and Robert A. Carr, appeal from a March 11, 2025 order and final judgment denying their prerogative-writs challenge to defendant Township of Dennis Consolidated Land Use Board's grant of the application of defendant Pierson Pleasantville, LLC (Pierson). Pierson sought variances and other relief that would enable it to add "a ready-mix concrete plant" to an existing sand-mining operation on its property (Pierson Property). Judge Michael J. Blee found the Board's grant of the application was not arbitrary, capricious, or unreasonable and was not precluded by res judicata. We substantially agree with his comprehensive analysis and affirm.

Plaintiff owns property in the Township of Dennis and leases it to other businesses. The Pierson Property is an approximately 165-acre parcel located across the street from plaintiffs' property. The Pierson Property lies within the

Township's B-Business District, C-Conservation Zone, and R-3 Residential Zone. It contains a pre-existing, non-conforming sand-mining operation.

In 2022, Pierson filed an application and an amended application seeking "permission to add [a] ready-mix concrete plant as an additional use to an existing gravel pit"; variances pursuant to N.J.S.A. 40:55D-70(c)(2) and -70(d), including principal-use, density, and height variances; and preliminary and final site-plan approval with "[w]aivers from subdivision and/or site plan standards."

The Board conducted an eleven-day hearing regarding the application. During the hearing, Pierson presented the testimony of an engineering expert; a traffic-engineering, noise and sound, and visual-impacts expert; a licensed planner; an environmental expert; and Pierson's general manager of concrete divisions. Objecting to the 2022 application, plaintiffs presented the testimony of a planning expert; a biology, conservation, and ecotourism expert; a traffic expert; Robert Carr; and Deborah Carr. Plaintiffs also argued the doctrine of res judicata barred the application because prior, purportedly similar applications had been denied and the latest application was "not materially different" from those denied applications. During the public-comment section of the hearing, a member of the public, who identified himself as the owner of a

concrete-contracting company and a customer of Pierson Concrete, testified in favor of the application.

On August 24, 2023, the Board voted unanimously to grant the application and memorialized its decision in a twenty-two page, November 16, 2023 resolution. The Board first determined res judicata was not applicable, finding the 2022 application was "materially different . . . from those previously filed" and identifying those differences. The Board then detailed its factual findings and concluded Pierson had met the applicable standards and criteria for the relief it sought.

On January 26, 2024, plaintiffs filed a complaint in lieu of prerogative writs, asserting res judicata precluded the Board from considering the 2022 application and that the Board's decision to grant the application was arbitrary, capricious, unreasonable, and an impermissible exercise of zoning authority delegated to the Township's governing body. Plaintiffs sought a judgment "vacating and setting aside" the resolution and all relief granted to Pierson. After hearing argument, Judge Blee entered a March 11, 2025 order and final judgment accompanied by a twenty-one page written decision. The judge denied plaintiffs' action, holding the Board had properly found res judicata did not apply given the 2022 application's "significant changes from the prior

applications," which the judge enumerated, and "changes in the surrounding properties and the intensification of those uses"; the Board's grant of the application was not arbitrary, capricious, or unreasonable; and the Board's decision, as memorialized in the resolution, was "supported by adequate findings of fact and conclusions of law."

On appeal, plaintiffs argue Pierson failed to satisfy the applicable positive and negative criteria, the Board impermissibly usurped the zoning authority of the Township's governing body, the judge and the Board erred in finding res judicata did not bar the application, and the judge erred in finding the Board's reliance on an unpublished case was not reversible error and its grant of waivers was reasonable. We disagree and affirm.

Courts have long recognized that "public bodies, because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion." Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965); see also Higher Breed NJ LLC v. City of Burlington Common Council, ___ N.J. Super. ___, ___ (App. Div. Mar. 3, 2026) (slip op. at 18-19) (same). "[L]and-use decisions are entrusted to the sound discretion of the municipal boards." Kaufmann v. Plan. Bd. for Warren Twp., 110 N.J. 551, 558 (1988). Thus, municipal action is entitled to "a presumption of validity and reasonableness."

Blackridge Realty, Inc. v. City of Long Branch, 481 N.J. Super. 183, 193 (App. Div.), certif. denied, 261 N.J. 575 (2025). A board's factual determinations "are entitled to great weight" and should "not be disturbed unless there is insufficient evidence to support them." Rowatti v. Gonchar, 101 N.J. 46, 52 (1985). A municipal board's determination "will not be overturned unless it is found to be arbitrary and capricious or unreasonable." Dunbar Homes, Inc. v. Zoning Bd. of Adjustment, 233 N.J. 546, 558 (2018) (quoting Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)). The party challenging the "municipal action bears the 'heavy burden' of overcoming th[e] presumption" afforded to municipal bodies. Vineland Constr. Co. v. Twp. of Pennsauken, 395 N.J. Super. 230, 256 (App. Div. 2007); see also Gonzalez v. Twp. of W. Windsor, 483 N.J. Super. 600, 633 (App. Div. 2025) (same).

"The purpose of the reviewing court is to determine if the . . . board properly exercised its discretion. . . . [It] should not substitute its judgment for that of the board." Klug v. Bridgewater Twp. Plan. Bd., 407 N.J. Super. 1, 13 (App. Div. 2009). "[W]hen reviewing the decision of a trial court that has reviewed municipal action, [appellate courts] are bound by the same standards as was the trial court." Berardo v. City of Jersey City, 476 N.J. Super. 341, 353

(App. Div. 2023) (alterations in original) (quoting <u>Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd.</u>, 369 N.J. Super. 552, 562 (App. Div. 2004)).

We first consider plaintiffs' res judicata argument. "Res judicata prevents a party from relitigating for a second time a claim already determined between the same parties." <u>In re Vicinage 13 of the N.J. Superior Ct.</u>, 454 N.J. Super. 330, 341 (App. Div. 2018). In other words, "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation." <u>Villanueva v. Zimmer</u>, 431 N.J. Super. 301, 311 (App. Div. 2013) (quoting <u>Culver v. Ins. Co. of N. Am.</u>, 115 N.J. 451, 460 (1989)) (internal quotation marks omitted). The doctrine applies to agency decisions, including those of planning and zoning boards. <u>See</u> <u>Bressman v. Gash</u>, 131 N.J. 517, 526 (1993). The fact that a second application involves "the same owner and same property . . . is not alone sufficient to act as a bar." <u>Russell v. Bd. of Adjustment of Tenafly</u>, 31 N.J. 58, 65 (1959). Rather, the objecting party must also demonstrate "the second application is substantially similar to the first, both as to the application itself and the circumstances of the property involved." <u>Ibid.</u> The Court has more recently explained:

> If an applicant files an application similar or substantially similar to a prior application, the application involves the same parties or parties in privity with them, there are no substantial changes in

the current application or conditions affecting the property from the prior application, there was a prior adjudication on the merits of the application, and both applications seek the same relief, the later application may be barred. It is for the Board to make that determination in the first instance.

[Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 39 (2013).]

See also Mazza v. Bd. of Adjustment of Linden, 83 N.J. Super. 494, 496 (App. Div. 1964) ("[I]t is within the discretion of the board whether to reject [an] application on the ground of [r]es judicata.").

Applying that law to the evidence in the record regarding the 2022 application and the prior applications involving the Pierson property, we conclude the Board and the judge correctly determined res judicata did not preclude the Board from considering the 2002 application. In resolving a lawsuit about the denial of a 2007 application regarding the Pierson Property, the Township Committee and the Township Zoning Board of Adjustment expressly agreed, as memorialized in resolutions, the denial of the 2007 application would "have no res judicata effect and be without prejudice . . . to [a future] application which may be the same or similar to the [2007] application." (Emphasis omitted). Moreover, the Board's determination that the 2022 application was "materially different . . . from those previously filed" and

the judge's findings that the 2022 application contained "significant changes from the prior applications" and the "surrounding properties" had "change[d]" were supported by substantial credible evidence in the record.

Having addressed that threshold issue, we turn to plaintiffs' substantive arguments regarding the Board's grant of Pierson's application. We perceive no cause to disturb Judge Blee's carefully considered determinations, all of which are well supported by the record. We reject plaintiffs' contention that the Board made inadequate findings to support its conclusions. To the contrary, after considering the evidence and arguments presented during a multi-day hearing, the Board issued a detailed resolution spelling out the reasons for its approval of all aspects of the application, including the request for certain waivers. Plaintiffs fault the Board for making only "a passing reference" to their experts in the resolution. However, land-use "boards may choose which witnesses, including expert witnesses, to believe." Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment, 409 N.J. Super. 389, 434 (App. Div. 2009). We agree with Judge Blee's conclusion that the Board's grant of the application was not arbitrary, capricious, or unreasonable and was supported by substantial credible evidence in the record.

We are mindful the Municipal Land Use Law, N.J.S.A. 40:55D-1 to 171, "exhibits a preference for municipal land use planning by ordinance rather than by variance." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (citing Medici v. BPR Co., 107 N.J. 1, 5 (1987)). By carefully considering and granting the application before it, the Board was not improperly usurping the Township Committee's authority to zone but was acting within "the exercise of [its] delegated discretion." Ibid. (quoting Kramer, 45 N.J. at 296).

Finally, we address plaintiffs' contention that the Board's reference to an unpublished case constitutes reversible error. Rule 1:36-3 provides: "[n]o unpublished opinion shall constitute precedent or be binding upon any court." (Emphasis added). That court rule "does not prevent a party from . . . calling an unpublished opinion to the attention of the court" or "prevent the court from acknowledging the persuasiveness of a reasoned decision on analogous facts." Sauter v. Colts Neck Volunteer Fire Co. No. 2, 451 N.J. Super. 581, 600 (App. Div. 2017). Even assuming Rule 1:36-3 applies to a land-use board, the Board expressly stated in the resolution it "would have granted the same relief without reference to" the unpublished case. On that record, the Board's reference to the unpublished case does not warrant reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2377-24